IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNIVERSITY OF SOUTH ALABAMA by and through its division USA Health | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 1:18-cv-500-TFM-C |
| O'REILLY AUTOMOTIVE, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a jurisdictional issue the Court raised *sua sponte*. After a careful review of all the docket sheet, the notice of removal, the complaint, the status of the parties at the time of removal, the parties briefing on the matter, and the relevant law, the Court finds that removal was not appropriate and the case must be remanded.

### I.   PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff University of South Alabama, by and through its division USA Health, (hereinafter "USA Health") is an Alabama entity which operates hospitals in Alabama, including Mobile County. USA Health commenced this lawsuit by filing a complaint on December 21, 2017 in the Circuit Court of Mobile County, Alabama. On October 29, 2018, then-Defendant USAA General Indemnity Company ("USAA") filed its counterclaim, cross-claim, and third-party claims for interpleader where O'Reilly Automotive, Inc. ("O'Reilly") was named as a third-party defendant. O'Reilly removed this action on November 29, 2018 citing the Employee Retirement Income Security Act of 1974 ("ERISA") as the jurisdictional basis under 28 U.S.C. §§ 1331, 1441, and 1446. The current action involves a question of priority between USA Health and O'Reilly as to the interpled funds from USAA. *See* Doc. 1.

The facts of this case are not in dispute. Jonathan James Lytle ("Lytle") was seriously injured in an automobile accident. On January 28, 2017, Lytle was admitted to one of USA Health's hospitals for care, treatment, and maintenance of injuries sustained in that accident. *See* Doc. 1, Ex. 1, Complaint, dated December 21, 2017. Lytle was discharged on February 8, 2017 having incurred medical charges totaling $114,339.50. *Id*. at ¶ 4. On February 16, 2017, USA Health perfected a hospital lien pursuant to Division 15, Article 5, Chapter 11 of Title 35 of the Code of Alabama.

Lytle received health benefits from a self-funded ERISA plan administered by his employer, O'Reilly. O'Reilly paid benefits under its ERISA plan – "Health Benefit Plan for Employees of O'Reilly Automotive, Inc. Limited Plan" ("the Plan"). *See* Doc. 48 at ¶ 3. O'Reilly has paid $127,750.47 in benefits under the Plan for medical expenses incurred by Lytle. *Id*. at ¶ 4.

Lytle also had uninsured/underinsured motorist coverage through USAA in the amount of $75,000.00. USAA admitted that it owed the funds but was presented with competing claims by Lytle, USA Health, and O'Reilly. Eventually, the parties agreed that $30,881.85 of the remaining $74,000.00[1] should be paid to Lytle with the remaining $43,118.15 to be deposited into the registry of the Court. *See* Docs. 14, 19, 25, 27, 28. Upon receipt of the interpled funds into the registry, on April 4, 2019, the Court dismissed, upon motion, USAA and Lytle from this action – leaving only USA Health and O'Reilly. *See* Docs. 38, 39.

On July 24, 2019, the parties filed their competing motions for summary judgment. *See* Docs. 46, 47-49. The motions were fully briefed and ripe for disposition when the jurisdictional issue came to the Court's attention. Therefore, on April 23, 2020, the Court entered an order for

---

[1] By agreement of all parties, $1,000.00 of the available coverage was previously paid to Memorial Hospital of Gulfport. *See* Doc. 14 at 2, ¶ 5.

the parties to brief the issue identified.  *See* Doc. 57.

On May 8, 2020, the parties filed their respective briefs on the jurisdictional matter.  *See* Docs. 58, 59.  Additionally, each side was granted the opportunity to respond to the briefs.  *See* Doc. 61, 63.  Further, even after those briefs, the Eleventh Circuit issued is opinion in *Bowling v. United States Bank N.A.*, --- F.3d ---, 2020 U.S. App. LEXIS 19435, 2020 WL 3424928 (11th Cir. Jun 23, 2020) which also addresses jurisdictional matters raised in this case.

## II.    STANDARD OF REVIEW

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1720, 135 L.Ed.2d 1 (1996).  However, federal courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994); *see also Home Depot U.S.A. v. Jackson*, --- U.S. ---, 139 S. Ct. 1743, 204 L. Ed. 2d 34 (2019) (quoting *Kokkonen* and stating same).   "The right to removal is statutory."  *Bowling*, --- F.3d ---, ---, 2020 U.S. App. LEXIS 19435, *6, 2020 WL 3424928, *2 (citing *Global Satellite Commc'n Co. v. Starmill U.K. Ltd,* 378 F.3d 1269, 1271 (11th Cir. 2004)).  The party removing the action has the burden of establishing federal jurisdiction. *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)).  Further, the federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of remand.  *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns*, 31 F.3d at 1095 (citations omitted).   Finally, "an argument that the court lacks jurisdiction may be raised at any time during the course of the proceedings."

*Blab T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc.*, 182 F.3d 851 (11th Cir. 1999)

(citing *Lucero v. Trosch*, 121 F.3d 591, 598 (11th Cir. 1997)).

### III.    DISCUSSION AND ANALYSIS

#### A.    Third Party Removal

In *Bowling v. United States Bank N.A.*, the Eleventh Circuit overruled its prior precedent

of *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133 (11th Cir. 1980).[2]

Relying upon the Supreme Court's ruling in *Home Depot U.S.A. v. Jackson*, --- U.S. ---, 139 S.

Ct. 1743, 204 L. Ed. 2d 34 (2019), the Eleventh Circuit now explicitly holds that third party

counterclaim defendants may not remove a civil action under 28 U.S.C. § 1441(c).  *Bowling*, ---

F.3d at ---, 2020 U.S. App. LEXIS 19435 at *21, 2020 WL 3424928 at *8.

The Eleventh Circuit observed that while *Home Depot* discussed removal in the context

of 28 U.S.C. § 1441(a), the analysis necessarily demanded the same conclusion in § 1441(c).

The relevant language states:

> Every analytical tool the Supreme Court relied on in *Home Depot* to conclude that
> counterclaim defendants may not remove a civil action under § 1441(a) applies
> with equal force to § 1441(c).
>
> First, the text of § 1441 as a whole compels the conclusion that "defendants"
> means the same in (c) as in (a). As we have noted, "identical words and phrases
> within the same statute should normally be given the same meaning." *SEC v.
> Levin*, 849 F.3d 995, 1003 (11th Cir. 2017) (quoting *Powerex Corp. v. Reliant
> Energy Servs., Inc.*, 551 U.S. 224, 232, 127 S. Ct. 2411, 168 L. Ed. 2d 112 (2007)
> (quotation marks omitted)); see also Scalia & Garner, *Reading Law* § 25, at 170
> (2012) ("[a] word or phrase is presumed to bear the same meaning throughout a
> text" unless context requires otherwise). In reviewing § 1441(c)'s text in the
> context of § 1441 as a whole, we can discern nothing that justifies a departure
> from this principle. Indeed, the most natural reading of the statute is that removal
> is generally authorized under (a), with (c) providing additional criteria for a
> certain subset of civil actions.

---

[2] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding
precedent all of the decisions of the former Fifth Circuit handed down prior to the close of
business on September 30, 1981).

The caption of § 1441, "Removal of *civil actions*," (emphasis added), also bolsters our textual analysis. As we have noted, "civil actions" is one of the key phrases the Supreme Court relied on in *Home Depot*. *See Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 1083, 191 L. Ed. 2d 64 (2015) ("The title of a statute and the heading of a section are tools available for the resolution of a doubt about the meaning of a statute.") (cleaned up). And when we determine whether a claim "aris[es] under" federal law in a "civil action," as § 1441(c) requires us to do, we look to the face of the original plaintiff's complaint. *Conn. State Dental Ass'n*, 591 F.3d at 1343.  When we do that with cases that fall under § 1441(c), the "defendants" to that action are the "defendant[s] to that complaint, not a party named in a counterclaim." *Home Depot*, 139 S. Ct. at 1748. So just as "a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action" under § 1441(a), *id.*, it is not germane to whether the district court had federal-question jurisdiction over the "civil action" under § 1441(c).

*Bowling*, --- F.3d at ---, 2020 U.S. App. LEXIS 19435 at *16-18; 2020 WL 3424928 at *7.

As previously noted in the facts, O'Reilly was originally a third party defendant.  *See* Doc. 1.  It even relied upon Carl Heck in its notice of removal when it stated that "Removal of this action is unaffected by the fact that it originated as a third-party claim."  *Id*. at 3, ¶ 5.  However, as it is now clear, its status as a third party absolutely affects its ability (or lack thereof) to remove the case and remand is required.

**B.     Defensive Preemption vs Complete Preemption**

As a second basis for remand, separate from the status as a third party defendant, the Court still has the issue of jurisdiction raised by *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207 (11th Cir. 1999).  Specifically that preemption based on the Employee Retirement Income Security Act of 1973, 28 U.S.C. § 1101, *et seq.* ("ERISA") may take one of two forms – "complete preemption or superpreemption" or "defensive preemption."  *Id*. at 1211.   One establishes federal jurisdiction and the other does not.   "The issue of complete preemption is jurisdictional; meaning, if the claims are not completely preempted, they are not properly removed and must be remanded to state court." *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007,

1014 (11th Cir. 2003) (citing *Land v. Cigna Healthcare of Fla.*, 339 F.3d 1286, 1290 (11th Cir.

2003)).

Complete preemption or superpreemption establishes federal jurisdiction and "exists only

when the 'plaintiff is seeking relief that is available under … § 1132(a).'" *Id.* at 1212 (quoting

*Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1330 (11th Cir. 1998)).   To show complete

preemption, four elements must be met: (1) there must be a relevant ERISA plan; (2) the plaintiff

must have standing to sue under that plan; (3) the defendant must be an ERISA entity; and (4)

the complaint must seek compensatory relief akin to that available under § 1132(a); often this

will be a claim for benefits due under a plan.  *Id.* (quotations and citations omitted).

Defensive preemption originates in ERISA's express preemption provision, 29 U.S.C.A.

§ 1144(a).  "Defensive preemption provides only an affirmative defense to certain state-law

claims." *Butero*, 174 F.3d at 1212.  "As an affirmative defense, defensive preemption does not

furnish federal subject-matter jurisdiction under 28 U.S.C. § 1331." *Id.*  (citing *Metropolitan

Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 1546, 95 L. Ed. 2d 55 (1987)).

Consequently, defensive preemption does not arise under the laws of the United States and

cannot authorize removal to federal court.  *Hardy*, 135 F. Supp.2d at 1178 (citing *Taylor*, 481

U.S. at 63, 107 S. Ct. at 1546; *Whitt*, 147 F.3d at 1329).

In the instant lawsuit, Defendant O'Reilly Automotive, Inc. ("O'Reilly") removed the

case from the Circuit Court of Mobile County, Alabama citing generally ERISA.  O'Reilly cites

29 U.S.C. § 1132 saying Plaintiff (presumably USA Health) "could have filed this action in

federal court pursuant to 29 U.S.C. § 1132 to construe the parties' respective subrogation rights

under the terms of an ERISA plan in which Defendant Jonathan Lytle was a participant and

beneficiary, working for O'Reilly Automotive, Inc."  Doc. 1 at 2-3.  Though normally the Court

would rely upon the Complaint and the Notice of Removal exclusively, the question of whether this is actually a case under § 1132 becomes clear when read in conjunction with the actual claims asserted by O'Reilly in its Motion for Summary Judgment.

In the Motion for Summary Judgment brief (Doc. 48), Defendant states "[t]he filed of ERISA benefits law, including the subrogation rights of an ERISA plan administrator or employer, is an area of complete preemption under federal law. ***As set forth in 29 U.S.C. § 1144(a)***…" Doc. 48  at 3.  Though Defendant utilizes the phrase "complete preemption," it appears as though this may be by actually defensive preemption as opposed to complete preemption / superpreemption  under 29 U.S.C. § 1132.  There is no discussion of the *Butero* four-part test in either the Notice of Removal or the Motion for Summary Judgment.  Rather, both USA Health and O'Reilly jump straight into a discussion of three-stage framework of preemption under 29 U.S.C. § 1144 and its applicability in this case.  *See* Docs. 46, 48, 51, 52.  It is only in Plaintiff's Reply Brief (Dog. 53) that a discussion of § 1132 is even briefly referenced. *See* Doc. 53 at 5.

In reviewing the briefs submitted by the parties, despite the continued representation by O'Reilly that "complete preemption exists," the Court finds rather that the matter falls under "defensive preemption."   As previously noted, four elements must be satisfied for a state-law claim to be completed preempted by ERISA.  "(1) There must be a relevant ERISA plan; (2) the plaintiff must have standing to sue under that plan; (3) the defendant must be an ERISA entity; and (4) the complaint must seek compensatory relief akin to that available under § 1132(a), which is normally a claim for benefits under the plan."  *Jones v. LMR Int'l, Inc.*, 457 F.3d 1174, 1178 (11th Cir. 2006) (citations omitted); *see also Ervast*, 346 F.3d at 1013 (citing four part test from *Butero*).

Both parties acknowledge that the first and third elements are met – i.e. that O'Reilly appears to be an ERISA entity and there is a relevant ERISA plan.  The Court agrees and turns to the second and fourth elements.

In looking at element two, the plaintiff must have standing to sue under that plan. "ERISA's civil enforcement section permits two categories of individuals to sue for benefits under an ERISA plan-plan beneficiaries and plan participants." *Engelhardt v. Paul Revere Life Ins. Co.*, 139 F.3d 1346, 1351 (11th Cir. 1998). (citing 29 U.S.C. § 1132(a)).  A participant "means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit."  29 U.S.C. § 1002(7).  A beneficiary is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

Here, the Plaintiff is USA Health.  USA Health does not have standing to sue under the plan because it is neither a participant nor a beneficiary.

Element four is also tied with element two in this case.  In element four, the complaint must seek compensatory relief akin to that available under § 1132(a), which is normally a claim for benefits under the plan.

O'Reilly attempts to distinguish this in its reply by stating that removal was not based upon the complaint, but rather based upon the counterclaim and interpleader from USAA. O'Reilly states "[t]his distinction is key."  The Court agrees that the distinction is key because even if it were permitted under the counterclaim/interpleader with the Court considering USAA as "the plaintiff," USAA is not a participant or a beneficiary under element two.  Therefore,

O'Reilly cannot establish elements two and four of the *Butero* test.

"ERISA's preemptive scope may be broad but it does not reach claims that do not involve the administration of plans, even though the plan may be a party to the suit or the claim relies on the details of the plan." *Ervast*, 346 F.3d at 1016 (quoting *Hook v. Morrison Milling Co.*, 38 F.3d 776, 784 (5th Cir. 1994)). "[T]he presence of an ERISA plan within the facts of a case does not, on its own, automatically subject the litigant to federal question jurisdiction." *Id.* at 1014. Rather, for a claim to be seeking compensatory relief under § 1132(a), it must be "(1) a claim for recovery of benefits due under the terms of the plan, (2) a claim seeking to enforce [its] rights under the terms of the plan, or (3) a claim for clarification of future benefits under the terms of the plan." *Id* (citing *Land*, 339 F.3d at 1290).

Here, neither the complaint nor the counterclaim seek compensatory relief under the plan. O'Reilly's "relate to"" argument fails to overcome this jurisdictional failing because the mere fact that the counterclaims/interpleader relate to an ERISA plan establishes defensive preemption, not complete preemption.

## IV.   CONCLUSION

Since jurisdiction is determined at the time of removal, then remand is mandatory, irrespective of what transpires post-removal. The fact the parties were eventually realigned to name O'Reilly as the Defendant does not change that it was originally a third party defendant who is precluded from removing this action pursuant to *Home Depot U.S.A. v. Jackson*, --- U.S. ---, 139 S. Ct. 1743, 204 L. Ed. 2d 34 (2019) and *Bowling v. United States Bank N.A.*, --- F.3d ---, 2020 U.S. App. LEXIS 19435, 2020 WL 3424928 (11th Cir. Jun 23, 2020).

Consequently, this action is **REMANDED** to the Circuit Court of Mobile County, Alabama and the Clerk of the Court is **DIRECTED** to take appropriate steps to effectuate the remand.

**DONE** and **ORDERED** this 20th day of July, 2020.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE